IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Roberto G. Alamo | ) | |
| | ) | Case No:12 C 4327 |
| | ) | |
| v. | ) | |
| | ) | Magistrate Judge: Arlander Keys |
| | ) | |
| Stephan, et al | ) | |

**ORDER**

   In his Second Amended Complaint, Plaintiff, who has been employed by the City of Chicago Fire Department since 2006, alleges several incidents of racial discrimination ago the City of Chicago and five individual Defendants. The Complaint, which is very detailed, alleges that Plaintiff was harassed and physically and verbally abused , including being called racially derogatory names, by fellow firefighters and that when he reported these incidents to his superiors, nothing was done. Plaintiff also alleges that his co-workers stole and threw out his food at the firehouse and that even one of his superiors got in his face and used racially derogatory language toward him. As a result of these incidents and indignities, Plaintiff, claims, he ended up in a hospital emergency room where he was diagnosed with, among other things, work-related stress and possible post-traumatic stress disorder. The next day, his primary care doctor diagnosed him with work-related anxiety, put him on medical lay-up and referred him to a psychologist and a psychiatrist. Plaintiff claims that he was harassed while on doctor-approved medical leave for about six months, after which he was told that he was running out of medical leave. Eventually, Plaintiff was allowed to return to work. The primary issue here is whether the City's failure to return Plaintiff to duty immediately after he was released by his doctors was racially motivated .

   In this lawsuit, Plaintiff seeks damages against the City of Chicago for, among other things, great mental anguish and emotional distress. (Counts I and II). The Defendants seek authorization to subpoena the medical records of Plaintiff for the entire time that he has worked for the Fire Department, since 2006, while Plaintiff asserts that only his medical records from 2011 are relevant and that any records regarding his medical condition prior to the actions taken against him by Defendants are irrelevant to why Plaintiff was not returned to work earlier. The Court finds that, because Plaintiff is seeking damages for emotional distress and great mental anguish, Defendants are entitled to his medical records since 2006 so as to determine whether these ailments were pre-existing. Defendants' motion for leave to subpoena Plaintiff's Medical Records and to take the depositions of his medical treaters, if necessary, is granted.

Date: 12/20/2013

                                                         _____
                                                         Magistrate Judge Arlander Keys